IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES HENRY SIMPSON,

    Plaintiff,

v.                                                                                                                                               Civil Action No. **3:18CV263**

**MAGISTRATE MORTRSHA BISHOP,** *et al.***,**

    Defendants.

**MEMORANDUM OPINION**

James Henry Simpson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on September 11, 2018, the Court directed Plaintiff to file a Particularized Complaint. (ECF No. 12.) Plaintiff filed a Particularized Complaint. (ECF No. 14.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous and malicious.

**I.    PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

Simpson was arrested on November 29, 2016, and a jury sitting in the Circuit Court for the City of Richmond convicted him of possession with intent to distribute heroin and possession of a firearm in the furtherance of a drug trafficking crime on September 29, 2017.[2] (Part. Compl. 1, 24–26.)[3] In a lengthy and rambling Particularized Complaint, Simpson alleges that Defendants Magistrate Mortrsha Bishop, Officer Michael Poerstel, Assistant Commonwealth's Attorney Brook Pettit, Assistant Commonwealth's Attorney Joshua Boyles, Judge Beverly Snukals, Judge Herbert C. Gill, Judge Thomas B. Hoover, Judge Walter Stout, Judge Clarence N. Jenkins, Chief

---

[2] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Richmond City Circuit Court" from drop-down menu and follow "Begin" button; type "Simpson, James," and then follow "Search by Name" button; then follow hyperlinks for "CR17F00395–00," "CR17F000396–00").

[3] The Court utilizes the pagination assigned to Simpson's Particularized Complaint by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quotations from Simpson's Particularized Complaint.

3

Justice Donald Lemons, Public Defender Abigail Paules, and Court Appointed Attorney Melvin Todds, Jr. (collectively "Defendants") committed various errors related to his criminal investigation and criminal proceedings. (*See id.* at 1–53.)

Simpson contends that as a result of Defendants' allegedly unconstitutional actions, he "was wrongfully convicted in the Circuit Court of the City of Richmond, VA and sentenced to 15 years of unlawful imprisonment." (*Id.* at 52.) As his only relief, Simpson demands "declaratory relief," and requests that the Court "officially and formally declare that all of the named Defendants of this civil action violated [his] civil rights and that [he] was wrongfully convicted . . . and [that he is] currently being unlawfully imprisoned." (*Id.*)

### III. PLAINTIFF'S MOTIONS

As noted above, by Memorandum Order entered on September 11, 2018, the Court directed Simpson to file a Particularized Complaint. (ECF No. 12.) Prior to the entry of the Court's September 11, 2018 Memorandum Order, Simpson filed a Motion to File a Particularized Complaint and/or Motion to Appoint Counsel. Because the Court provided Simpson with an opportunity to file a Particularized Complaint, and Simpson did in fact file a Particularized Complaint, Simpson's Motion to File a Particularized Complaint (ECF No. 11) will be DENIED AS MOOT.

Simpson also moves the Court for the appointment of counsel. (*Id.*) Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances. Additionally, Simpson's pleadings demonstrate that he is competent to represent himself in the action. Accordingly, Simpson's Motion to Appoint Counsel (ECF No. 11) will be DENIED WITHOUT PREJUDICE.

4

After filing his Particularized Complaint, Simpson filed a lengthy and rambling "Motion to Add Defendant." (ECF No. 22.) In this motion, Simpson requests that the Court "permit [him] to add the unknown Judge, who entered the 1–3–19 per curiam order, in the Court of Appeals of Virginia (Record No. 0353–18–2) as a Defendant to this civil action." (*Id.* at 46.)

As set forth below, judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Further, although there are two exceptions to judicial immunity, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991), neither exception applies to Simpson's claims against the unknown Judge. (*See generally* ECF No. 22.) Therefore, Simpson's request to add the unknown Judge as a Defendant (ECF No. 22) will be DENIED as futile and frivolous.

### IV. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Simpson's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Simpson's Particularized Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous and malicious.

#### A. Defendants Bishop, Snukals, Gill, Hoover, Stout, Jenkins, and Lemons Are Entitled to Judicial Immunity

As noted above, Simpson names Magistrate Mortrsha Bishop, Judge Beverly Snukals, Judge Herbert C. Gill, Judge Thomas B. Hoover, Judge Walter Stout, Judge Clarence N. Jenkins, and Chief Justice Donald Lemons as Defendants. (Part. Compl. 1.) However, judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it

is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump*, 435 U.S. at 356. This immunity extends to magistrates in Virginia. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citation omitted) (noting that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity"). Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Neither exception applies in this instance.

Simpson faults Defendants Bishop, Snukals, Gill, Hoover, Stout, Jenkins, and Lemons for actions they took during various stages of Simpson's state criminal proceedings. (*See generally* Part. Compl. 1–52). Simpson fails to allege facts that plausibly suggest that these were nonjudicial actions or that Defendants Bishop, Snukals, Gill, Hoover, Stout, Jenkins, and Lemons's actions were taken in complete absence of all jurisdiction. Thus, Defendants Bishop, Snukals, Gill, Hoover, Stout, Jenkins, and Lemons are entitled to absolute immunity. For this reason alone, Simpson's claims against Defendants Bishop, Snukals, Gill, Hoover, Stout, Jenkins, and Lemons will be DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

### B. Defendants Paules and Todds Are Not Amenable to Suit Under § 1983

Simpson faults Defendants Paules and Todds, his defense attorneys in his criminal case, for various perceived errors in his criminal proceedings. (*See, e.g.*, Part. Compl. 3–4, 6.) In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, for this reason alone, Simpson's claims against Defendants Paules and Todds will be DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

### C. Simpson's Claims Are Barred by *Heck*

As discussed above, as his only relief, Simpson requests that the Court "officially and formally declare that all of the named Defendants of this civil action violated [his] civil rights and that [he] was wrongfully convicted . . . and [that he is] currently being unlawfully imprisoned." (Part. Compl. 52.) Simpson clearly seeks the invalidation or vacation of his criminal conviction and sentence. The notion that Simpson may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence, "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

7

In *Heck*, the Supreme Court emphasized that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Simpson requests that the Court declare that, as a result of Defendants' actions, he was "wrongfully convicted in the Circuit Court of the City of Richmond, VA on the day of 9–29–17 and [that he is] currently being unlawfully imprisoned." (Part. Compl. 52.) Simpson does not

articulate, and the Court does not discern, how he could both prevail on such claims and not simultaneously invalidate the fact of his confinement. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 481–90; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the *Heck* analysis, Simpson must demonstrate a successful challenge to his current conviction. *Heck*, 512 U.S. at 487. Simpson makes no allegation that the state court has invalidated his current convictions or sentence. *Id.* at 486–87. Thus, *Heck* bars all of Simpson's claims.

### D. Simpson's Action Is Malicious

Simpson has filed five other actions in this Court against those involved in his state prosecution, all of which were dismissed. *See* Mem. Op. & Order, *Simpson v. Bishop*, No. 3:18–cv–796 (E.D. Va. May 31, 2019), ECF Nos. 25, 26; Mem. Op. & Order, *Simpson v. Supreme Court of Virginia*, No. 3:18–cv–547 (E.D. Va. Mar. 18, 2019), ECF Nos. 16, 17; Mem. Op. & Order, *Simpson v. Hoover*, No. 3:17–cv–768 (E.D. Va. June 19, 2018), ECF Nos. 14, 15; Mem. Op. & Order, *Simpson v. Hoover*, No. 3:18–cv–167 (E.D. Va. May 4, 2018), ECF Nos. 3, 4; Mem. Op. & Order, *Simpson v. Poerstel*, No. 3:17–cv–470 (E.D. Va. Mar. 29, 2018), ECF Nos. 23, 24. With respect to the basis for the dismissal of Simpson's five other cases, one of Simpson's cases was dismissed as frivolous, Mem. Op. & Order, *Simpson v. Supreme Court of Virginia*, No. 3:18–cv–547 (E.D. Va. Mar. 18, 2019), ECF Nos. 16, 17, and a second case was dismissed as both frivolous and malicious, Mem. Op. & Order, *Simpson v. Bishop*, No. 3:18–cv–796 (E.D. Va. May 31, 2019), ECF Nos. 25, 26.

In this action, Simpson again brings suit against those individuals involved in his state prosecution. The Court finds that Simpson fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass the prosecutors, judges, and defense attorneys involved in Simpson's state prosecution and appeals. Accordingly, the action also will be DISMISSED as malicious and frivolous. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

## V. CONCLUSION

For the foregoing reasons, Simpson's Motion to File a Particularized Complaint (ECF No. 11) will be DENIED AS MOOT, Simpson's Motion to Appoint Counsel (ECF No. 11) will be DENIED WITHOUT PREJUDICE, and Simpson's Motion to Add Defendant (ECF No. 22) will be DENIED as futile and frivolous. Simpson's claims and the action will be DISMISSED WITH PREJUDICE for failure to state a claim, and as legally frivolous and malicious. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 16 July 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge